THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* AMÉRICO EGIPCIACO, Defendant and Appellant.

No. 5801. Argued December 5, 1935.—Decided January 17, 1936.

*Buenaventura Esteves* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Hutchison delivered the opinion of the court.

Américo Egipciaco was twice convicted of aggravated assault and battery, first in the Municipal Court of Aguadilla and later, after a trial *de novo,* in the District Court of Aguadilla.

■ The first assignment of error is that the district court erred in permitting a physician, Dr. Francisco A. Márquez, who had not testified in the municipal court and whose name did not appear among those of the witnesses listed in the complaint, to testify at the trial *de novo,* notwithstanding the objection of defendant. When the case was called for trial in the district court, July 13, 1934, defendant announced that two of his witnesses were absent and requested that if they did not appear before the close of the trial, the case should be left open in order that they might be examined at some future time to be fixed by the court if defendant should decide to offer their testimony. The district attorney said he had no objection although the request was premature. The judge asked why it was premature and the district attorney said because the defense did not then know whether or not the witnesses would be called. The judge said that he would rule on the request later and the trial proceeded. When Márquez was called the following incident occurred:

"*Defense:* Your Honor, we now object to Dr. Márquez testifying as a witness for the prosecution in this case, because he does not appear as one of the witnesses listed in the complaint herein and therefore it would be a surprise for the defendant.

"*Judge:* The fact is that the witness was sworn as a government witness in the presence of the defendant and his attorney some time ago and he has been under the rules of the court. What is the purpose of the prosecution in producing the expert witness?

"*District Attorney:* In order to show the nature of complainant's wounds.

"*Judge:* As the case probably will remain open for evidence, in which case the defendant has time to prepare his defense against the testimony of the expert and thus any surprise for the defendant may

be avoided, the court will allow the examination of said expert witness.

"*Defendant:* We take exception to the ruling of the court on the grounds previously stated."

The assault and battery was committed in Moca, a small town within the municipal judicial district of Aguadilla. The record discloses that there were two physicians in Moca, one of whom was the witness, Márquez. The other was a witness for the defendant who would have had no difficulty in ascertaining that Márquez had attended the prosecuting witness. There was no satisfactory showing that defendant was really surprised by the production of Márquez as a witness at the trial *de novo* and the district court did not err in permitting him to testify notwithstanding the fact that he had not been called as a witness in the municipal court and notwithstanding the fact that his name did not appear on the list of the witnesses named in the complaint. See also *People* v. *Román,* 18 P.R.R. 217.

█ The second, third, and fourth assignments refer to certain questions put by the district attorney on cross-examination of the witnesses for the defendant and admitted over defendant's objection. The district attorney would have had little reason to complain if defendant's objection to one or two of these questions had been sustained, but we find no abuse of discretion and therefore no reversible error in the overruling of the objections, nor can we agree with appellant that there was any indication of passion or prejudice on the part of the trial judge.

The fifth assignment is that the district court erred and showed passion and prejudice against defendant in rendering judgment. The contention is equally without merit.

The judgment appealed from must be affirmed.